MORRIS RANDELL, Respondent, *v.* RANKEN REALTY COMPANY, Appellant.

First Department, May 29, 1919.

**Principal and agent — real estate broker — right to commission — procuring person ready, willing and able to purchase — evidence.**

A broker, in order to be entitled to commissions on the ground that he had procured a *bona fide* offer for real estate, must establish that the prospective purchaser was ready, willing and able to meet the seller's offer to sell.

Ability to meet a seller's offer is not shown by proof that the prospective purchaser had real estate and some cash, all of less value than the property to be purchased, where there was no showing as to how the real estate was to be made available and the prospective purchaser testified merely that he " figured " on raising the required sum and " guessed " he was able to purchase.

APPEAL by the defendant, Ranken Realty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of January, 1919, upon the verdict of a jury,

and also from an order entered in said clerk's office on the 22d day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*Ellery E. Albee,* for the appellant.

*Jacob Manheim,* for the respondent.

PHILBIN, J.:

The evidence fails to establish that the plaintiff, as broker, procured a purchaser for defendant's real estate. There is no adequate proof that the alleged prospective purchaser, Serventi, was ready, willing and able to meet defendant's offer to sell at $170,000. This is true even though it had been shown that the defendant was willing to allow a credit for the mortgages on the property, amounting to $68,500, by selling subject to them, which defendant was not bound to do. Serventi testified that he had assets consisting of certain real estate valued by him at $100,000 and also $25,000 cash. He did not state how his real estate could be made available to procure the necessary money, and merely said he "figured" on raising the required sum and "guessed" he was able to purchase. The question of ability was squarely raised by defendant's counsel at the close of the case on the motion to dismiss the complaint for failure to establish ability on the part of the purchaser. In two different parts of the charge the learned trial court instructed the jury that the burden was on the plaintiff to prove ability. We also think that the proof tends to show that plaintiff was acting in the transaction for the purchaser rather than for the defendant, and that plaintiff failed to establish that he obtained a *bona fide* offer.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.